IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Deborah Turk,                                                          Case No. 3:14CV539

          Plaintiff

          v.                                                                  **ORDER**

Carolyn W. Colvin,
 Acting Commissioner of Social Security,

          Defendant

      This is a Social Security case in which the plaintiff, Deborah Turk, appeals from the Commissioner's decision granting in part and denying in part her claim for benefits.

      An administrative law judge ruled Turk became disabled, by virtue of multiple ruptured discs, osteoarthritis, severe hypertension, and migraines, on June 23, 2012. Although the ALJ therefore awarded Turk benefits as of that date, she rejected Turk's contention she had been disabled since her alleged onset date, in March, 2005.

      Pending is Magistrate Judge Limbert's Report and Recommendation, which recommends affirming the Commissioner's decision. (Doc. 22).

      The Magistrate Judge found the ALJ gave good reasons for discounting the severe work-related limitations Turk's treating physician, Dr. Julie Bryan, had imposed. Magistrate Judge Limbert also concluded the ALJ adequately explained why Turk was not disabled for any twelve-month period between March, 2005 and June 23, 2012.

Turk, through counsel, has filed what she styles an "objection" to the R&R, but which is in fact merely a verbatim reproduction of the merits brief she submitted to the Magistrate Judge, supplemented with two assertions that "Plaintiff objects to the Magistrate's report and recommendation." (Doc. 23 at 18, 21).

"Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party must file specific written objections to trigger *de novo* review by the district court." *Janney v. Comm'r of Soc. Sec.*, 2014 WL 1117826, *1 (N.D. Ohio). "As the party disappointed with the Magistrate Judge's work, [Turk] had a duty to pinpoint those portions of the [R&R] that the district court must specifically consider." *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1069 (N.D. Ohio 2014).

Parties who "fail to make specific objections do so at their own peril." *Cowherd v. Million*, 380 F.3d 909, 914 (6th Cir. 2004).

Here, as in *Janney*, *supra*, 2014 WL 1117826, at *1, I conclude Turk's failure to raise "specific objections to the Magistrate Judge's Report and Recommendation," and her filing of an objection that "merely repeats her [merits] brief word for word" constitutes a waiver of any objections to the R&R. *Accord Hawkins v. Astrue*, 2010 WL 3221855, *1 (W.D. Ky.) (copying and pasting merits brief into document titled "Objection" "does not constitute an objection" for purposes of 28 U.S.C. § 636(b) or Rule 72(b)).

Even assuming Turk had not waived her objections to the R&R, I conclude she has not shown a basis for reversing the Commissioner's decision.

The core of Turk's argument before Magistrate Judge Limbert was the ALJ should have given Dr. Bryan's opinion controlling weight. *E.g.*, *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (explaining treating-physician rule).

Dr. Bryan had opined Turk: 1) had "very limited concentration"; 2) was "not able to sit for more than 30 minutes"; 3) was "not able to stand for more than 5 minutes"; and 4) was "not able to lift, carry or handle objects." (Doc. 23 at 17). According to Turk, the medical evidence reasonably supported Bryan's opinion that Turk's back impairments and chronic headaches justified severe work-related limitations that precluded gainful employment.

As the Magistrate Judge correctly found, however, the ALJ gave detailed reasons for rejecting this opinion.

For one thing, the ALJ had discussed the "x-ray and MRI findings showing [only] minimal to moderate degenerative changes in the thoracic spine and mild degenerative changes in the lumbar spine." (Doc. 22 at 18-19; *see also* Tr. 24, 26[1]). For another, the ALJ had catalogued the broader evidentiary basis on which she relied in discrediting Dr. Bryan's opinions, including Turk's normal echocardiogram and her uninterrupted series of normal CT and MRA (magnetic resonance angiogram) scans. (Tr. 23-24, 286, 303, 422, 471, 529, 531).

Likewise, while the ALJ recognized Turk had complained of chronic headaches, she cited medical evidence tending to support her conclusion that Turk's "limitations in concentration and effects of her medications are accommodated by the assessed [RFC]." (*Id.* at 26). That evidence included, *inter alia*, the normal MRA scans of Turk's brain and a 2007 MRI showing negative results. (*Id.*).

Finally, it is undisputed the ALJ made significant accommodations for Turk's impairments when, in crafting her RFC, the ALJ limited Turk to sedentary work with a Standard Vocational Pace of 1 or 2 that she could perform while seated or standing. (*Id.* at 22).

---

[1] "Tr. _" indicates a citation to the administrative record.

For all these reasons — none of which, to repeat, Turk's "objection" meaningfully addresses — the Magistrate Judge correctly determined there was substantial evidence to support the ALJ's decision to discredit Dr. Bryan's opinion.

Turk had also claimed the ALJ erroneously determined she was not disabled for at least a twelve-month period between her alleged onset date (March 31, 2005) and the date on which the ALJ determined she was disabled (June 23, 2012).

According to Turk, her impairments had "combined" to produce at least one closed period of disability within that seven-year window. The only specific argument Turk presented to Magistrate Judge Limbert in support of this claim was the argument the ALJ erred by discounting Dr. Bryan's opinion.

As both the Commissioner and the Magistrate Judge note, "the mere fact that Plaintiff was diagnosed with multiple impairments does not entitle her to disability benefits." (Doc. 24 at 2). Rather, the question was whether, those impairments notwithstanding, Turk could perform substantial gainful employment.

In concluding the answer was yes, the ALJ dutifully explained why Turk's impairments, alone and collectively, did not meet or medically equal the severity of any listed impairments. (Tr. 20-21). She also explained why, in her view, the medical evidence did not support Turk's contention that she was disabled due to coccydynia, a type of pain in the coccyx or tailbone area. (*Id.* at 18-19). Finally, the ALJ prepared one of the more thorough and evidence-based RFC determinations I have reviewed in some time.

Accordingly, I agree with the Magistrate Judge there was no error in the ALJ's determination Turk was not disabled between March, 2005 and June 23, 2012.

4

It is, therefore

ORDERED THAT:

1. The Magistrate Judge's R&R (Doc. 22) be, and the same hereby is, adopted as the order of this court; and

2. The Commissioner's decision be, and the same hereby is, affirmed.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge